**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0294-16T3

MAXTRADE, LLC,

    Plaintiff-Appellant,

v.

POWERSPORTS WAREHOUSE, LLC,
a/k/a POWERSPORTS WAREHOUSE or
POWERSPORT WAREHOUSE,
SCOOTERLANDUSA, LLC, a/k/a
SCOOTERLAND OR SCOOTERLAND USA,
TAI LUU, a/k/a TOM LUU and
MAI LIN NGUYEN, a/k/a LYNN LUU,
doing business as POWERSPORT
WAREHOUSE and SCOOTERLANDUSA,

    Defendants-Respondents.

_____

        Submitted October 2, 2017 — Decided November 20, 2017

        Before Judges Whipple and Rose.

        On appeal from Superior Court of New Jersey,
        Law Division, Middlesex County, Docket No. L-
        8191-13.

        Greg Riley, attorney for appellant.

        Gerard J. Jackson, attorney for respondents.

PER CURIAM

Plaintiff Maxtrade, LLC appeals from the trial court's August 12, 2016 order denying its motion to amend the judgment, pursuant to the terms of a settlement agreement with defendants Powersports Warehouse, LLC, a/k/a Powersports Warehouses or Powersport Warehouse ("Powersports"), ScooterlandUSA, LLC, a/k/a Scooterland or Scooterland USA ("Scooterland"), Tai Luu a/k/a Tom Luu ("Luu"), and Mai Lien Nguyen, a/k/a Lynn Luu ("Nguyen"),[1] d/b/a Powersport Warehouse and ScooterlandUSA. Having reviewed the record in light of applicable principles of law, we affirm.

We recite the following key facts and procedural history from the motion record. The underlying lawsuit arises from a dispute between two commercial entities. In December 2012, plaintiff agreed to sell ninety-one all-terrain vehicles to defendants for the sum of $41,401. Following an initial payment of $10,000, defendants failed to pay the remaining balance.

In December 2013, plaintiff filed a complaint against Powersports and Luu, alleging causes of action for book account (count one), breach of contract (count two), quantum meruit/unjust enrichment (count three), personal liability of Luu (count four), and fraud (count five). In September 2015, plaintiff filed its

_____

[1] Luu and Nguyen are husband and wife. We use Nguyen's presumed maiden name to avoid confusion. We mean no disrespect in so doing.

first amended complaint, naming Scooterland and Nguyen, and revising and adding the following counts: conversion by Scooterland (count four), personal liability of Luu (count five), fraud (count six), and conversion by Luu and Nguyen (count seven).

Plaintiff moved for partial summary judgment on counts one and two. By order entered January 9, 2015, the court granted the motion and entered judgment in the amount of $32,629. Despite various orders entered by the court, relating to enforcement of the judgment, the full amount of the judgment remained unsatisfied.

On November 6, 2015, three days prior to trial on the remaining claims, the parties entered into a written settlement agreement, providing as follows:

1. The total amount of the settlement is $20,000.

2. Defendants will make payments as follows:
   a)   $10,000 upon receipt of the closing documents which shall be a Release and a Stipulation of Dismissal
   b)   $5,000 to be paid on January 1, 2016.
   c)   $2,500 to be paid on April 1, 2016.
   d)   $2,500 to be paid on July, 1, 2016.

3. All payments shall be made payable to Greg Riley Trust Account.

4. Upon receipt, deposit, and after allowance of sufficient time to clear, [p]laintiff will provide [d]efendants with a Warrant in Satisfaction of the Judgment entered on January 9, 2015.

5. In the event of a material default by the [d]efendants, [p]laintiff shall have the right

A-0294-16T3

to amend the Judgment entered on January 9, 2015, to include [Nguyen] as a judgment debtor.

6. <u>Defendants shall be in material default of the settlement if any payment is not received within ten (10) days of the due date.</u>

7. This settlement includes any and all claim [sic] against the [d]efendants.

[(Emphasis added)].

On November 18, 2015, plaintiff's counsel delivered to defense counsel the closing documents referenced in paragraph 2(a) of the settlement agreement. Contrary to the settlement terms, defendants did not remit payment within ten days. By correspondence dated December 14, 2015, plaintiff's counsel notified defense counsel that defendants had breached the settlement agreement by failing to make the first payment.

The following day, by correspondence dated December 15, 2015, plaintiff's counsel acknowledged receipt of a $10,000 check from Scooterland, and indicated the second payment of $5,000 was due on January 1, 2016.

By correspondence dated January 26, 2016, plaintiff's counsel notified defense counsel that the second payment had not been made, and as such, defendants were in default, pursuant to the terms of the settlement agreement. On or about February 5, 2016,

plaintiff's counsel deposited into his trust account a check from Scooterland in the amount of $5,000.

Defendants failed to make the remaining two payments. On July 13, 2016, plaintiff filed a motion to amend the judgment to add Nguyen as a judgment debtor, pursuant to paragraph 5 of the settlement agreement. Plaintiff sought to execute on assets owned jointly by Luu and Nguyen.

On July 26, 2016, plaintiff's counsel received, and accepted, a check in the amount of $5,000 from Scooterland, representing the total amount due under the third and fourth payments.

On August 12, 2016, the trial court entered an order denying plaintiff's motion to amend the judgment. The trial court did not issue findings of fact or an opinion. However, following the filing of the instant appeal, the court issued a statement of reasons, pursuant to Rule 2:5-1(b), finding plaintiff by accepting payment had waived its rights to repudiate the settlement agreement.

On appeal, plaintiff argues: it did not waive its rights under the settlement agreement; the trial court failed to enforce the settlement agreement; and the trial court rewrote the settlement agreement to provide defendants with a better bargain. Having fully considered these contentions, we affirm.

A settlement agreement is subject to the ordinary principles of contract law. Thompson v. City of Atlantic City, 190 N.J. 359, 374 (2007). "Interpretation and construction of a contract is a matter of law for the court subject to de novo review." Fastenberg v. Prudential Ins. Co. of Am., 309 N.J. Super. 415, 420 (App. Div. 1998). "Accordingly, we pay no special deference to the trial court's interpretation and look at the contract with fresh eyes." Kieffer v. Best Buy, 205 N.J. 213, 223 (2011); see Manalapan Realty, L.P. v. Twp. Comm., 140 N.J. 366, 378 (1995) ("A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference.").

A party waives its right to sue for breach of contract where it continues performance under the contract, even after a breach has occurred. See, e.g., Garden State Bldgs., L.P. v. First Fid. Bank, N.A., 305 N.J. Super. 510, 524 (App. Div. 1997), certif. denied, 153 N.J. 50 (1998). "Waiver is the voluntary relinquishment of a known right." Clarke v. Clarke ex rel. Costine, 359 N.J. Super. 562, 571 (App. Div. 2003). It "must occur by a 'clear[,] unequivocal and decisive act.'" Borough of Closter v. Abram Demaree Homestead, Inc., 365 N.J. Super. 338, 354, certif. denied, 179 N.J. 372 (2004)(quoting W. Jersey Title & Guar. Co. v. Indus. Tr. Co., 27 N.J. 144, 152 (1958)). "The

intent to waive need not be stated expressly, provided the circumstances clearly show that the party knew of the right and then abandoned it, either by design or indifference." Knorr v. Smeal, 178 N.J. 169, 177 (2003).

Waiver can also be "'found if the conduct of [an entity] after information of . . . breach of contract is such as to justify an inference of affirmation rather than rescission of the contract.'" Iafelice ex rel. Wright v. Arpino, 319 N.J. Super. 581, 588 (App. Div. 1999)(quoting Bonnet v. Stewart, 68 N.J. 287, 294 (1975)). In terms of waiver of rights or enforcement of rights, a party must elect which course it wishes to follow; it cannot pursue both. Merchants Indem. Corp. v. Eggleston, 37 N.J. 114, 130-31 (1962).

Guided by these principles, we find plaintiff's acceptance of the late payments constitutes a waiver of any claimed breach pursuant to paragraph 6 of the settlement agreement. Rather than rejecting each untimely payment, plaintiff accepted payment, reminding defendants of the upcoming due dates for the next payments. By warning defendants of their breach, more than once, and nonetheless accepting late payments after the breach had occurred each time, plaintiff voluntarily relinquished its rights under the settlement agreement "by a clear[,] unequivocal and decisive act." Abram, supra, 365 N.J. Super. at 354. In so doing,

plaintiff waived its rights to enforce the terms of the settlement agreement. Arpino, supra, 319 N.J. Super. at 588.

Because we are satisfied plaintiff waived its rights under the settlement agreement, plaintiff's contention that the court failed to enforce the agreement likewise fails. Plaintiff cannot waive its rights under the settlement agreement, by accepting late payments, and seek to enforce the settlement agreement, by attempting to amend the January 9, 2015 judgment. Merchants, supra, 37 N.J. at 130-31.

Similarly, plaintiff's claim that, by denying its motion to amend the judgment the trial court rewrote the settlement agreement in defendants' favor, lacks merit. Courts do not, and cannot, rewrite contracts in order to provide a better bargain than contained in their writing. Christafano v. N.J. Mfg. Ins. Co., 361 N.J. Super. 228, 237 (App. Div. 2003). Rather, courts allow experienced commercial parties to negotiate for themselves, and "do not seek to 'introduce intolerable uncertainty into a carefully structured contractual relationship' by balancing equities." Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Assocs., 182 N.J. 210, 230 (2005) (quoting Brick Plaza Inc. v. Humble Oil & Ref. Co., 218 N.J. Super. 101, 105 (App. Div. 1987)).

Here, the trial court did not rewrite the settlement agreement. Instead, the court interpreted the agreement under

principles of contract law and waiver, correctly ruling plaintiff had waived its rights under the settlement agreement. Furthermore, the parties are commercial entities that bargained at arm's length, with the assistance of counsel. The parties agreed to the due date for each payment, and the definition of a material default. Plaintiff waived its rights to enforce the material default provision of the settlement agreement by accepting untimely payments that were not in conformance with the settlement agreement.

Moreover, there was no provision in the settlement agreement stating that acceptance of a late payment would not constitute a waiver of plaintiff's rights. Nor did plaintiff accept defendants' untimely payments under protest. As such, we have no basis to address the effectiveness of doing so.

We are satisfied the trial judge appropriately denied plaintiff's motion to amend the judgment, finding plaintiff assented to the untimely payments, and defendant ultimately paid the entire amount due under the terms of the settlement agreement.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9                                                    A-0294-16T3