**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0762-15T3

AMOLA SHAH,

    Plaintiff-Respondent,

v.

ATUL SHAH,

    Defendant-Appellant.

_____

        Submitted September 12, 2017 — Decided September 20, 2017

        Before Judges Fasciale and Sumners.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Family Part, Bergen County,
        Docket No. FM-02-3134-01.

        Atul Shah, appellant pro se.

        Arons & Solomon, PA, attorneys for respondent
        (Patricia L. Burris, on the brief).[1]

PER CURIAM

---

[1]   We granted Ms. Burris's written request to rely on her merits brief in lieu of appearing for oral argument before us. We also denied defendant's September 7, 2017 request to adjourn oral argument in which he wrote "in the next [seven] days I will write to you in more detail." Defendant did not appear for oral argument before us on September 12, 2017.

Approximately fourteen years after agreeing to arbitration, defendant appeals from a June 30, 2015 order (1) denying his motion to appoint Paul Lomberg, Esq. as arbitrator, and (2) granting plaintiff's cross-motion to terminate the parties' agreement to arbitrate issues contained in the parties' Property Settlement Agreement (PSA); and a September 18, 2015 order denying reconsideration. We conclude the parties waived their right to arbitrate and affirm.

The parties were married in June 1974, and divorced in February 2003. In January 2003, they executed the PSA and agreed to arbitrate seventeen issues. The parties paid an arbitrator, Charles Abut, Esq., and agreed to arbitrate on March 6, 2003. The arbitration did not occur.

In 2005, defendant wanted to arbitrate one of the seventeen issues - moving back into the marital home. Mr. Abut declined to arbitrate that issue in a piecemeal fashion, and requested the parties arbitrate all the issues immediately. Despite that request, the parties did not begin the arbitration. Mr. Abut returned the retainer he had received due to "the extended dormancy of the matter[.]" The parties' house sold in 2006, and they placed the proceeds of the sale into the trust account of Dorgan & Dorgan, LLP (Dorgan). Plaintiff relocated to Florida in 2006, and no arbitration occurred.

In 2008, approximately five years after they had agreed to arbitrate the PSA issues, the parties decided to select a new arbitrator. They interviewed several candidates, and after completing those interviews, the parties selected Mr. Lomberg. They took no further steps, however, to retain him.

In February 2009, defendant filed a motion to compel arbitration, appoint a new arbitrator plus an accountant, and expand the issues to arbitrate beyond those listed in the PSA. In April 2009, the judge (1) granted defendant's motion to compel arbitration; (2) appointed Barry Kaufman, Esq. as a new arbitrator; (3) required the parties to pay the arbitrator from the Dorgan account; and (4) established a schedule for the submission of documents.

According to plaintiff, after the judge compelled arbitration in 2009, plaintiff wrote three letters to defendant's counsel requesting that the parties retain Mr. Kaufman and start the proceeding. She maintains that defendant ignored her letters. Plaintiff then spoke directly to Mr. Kaufman about moving forward with arbitration, and received a retainer agreement from him. The parties did not sign the retainer agreement, and Mr. Kaufman wrote to the judge advising that he would not conduct arbitration until both parties signed the document.

A-0762-15T3

In April 2015, twelve years after the parties agreed to arbitrate the disputed issues, defendant filed the motion to appoint Mr. Lomberg as arbitrator. Plaintiff cross-moved to terminate the parties' obligation to arbitrate; bar the parties from suing in Superior Court regarding the seventeen issues; close the Dorgan account; and require defendant to pay counsel fees.

In June 2015, the judge denied defendant's motion. The judge granted plaintiff's motion in part and denied it in part. The judge granted her request to terminate the parties' obligation to arbitrate the seventeen issues in their PSA; and granted plaintiff's request to close the Dorgan account. The judge denied plaintiff's request to bar the parties from suing in Superior Court regarding the seventeen issues; and denied plaintiff's request for counsel fees.

In ruling on the motions, the judge explained that Iudici v. Iudici, No. A-6033-09 (App. Div. October 12, 2012) constituted persuasive authority. The judge stated that

> the [o]rder requiring the parties to meet with an arbitrator was . . . interlocutory, [it was] meant to enforce the [PSA], and thereafter the [c]ourt had the right to review and reconsider it and particularly in view of both parties['] disregard of the [o]rder[.]

The judge found that the parties were now in a much different financial position based on the twelve-year delay. In July 2015,

defendant filed a motion for reconsideration. Plaintiff cross-moved for counsel fees. In September 2015, the judge denied both motions.

On appeal, defendant primarily argues that the judge improperly relied on the unpublished Iudici opinion; arbitration is a favored remedy; the judge erred by concluding the parties waived their right to arbitrate; and the doctrine of laches is inapplicable.

As to defendant's point about Iudici, the law is settled. Pursuant to Rule 1:36-3, a judge cannot cite to unpublished decisions as binding precedent. "Although an unpublished opinion does not have precedential authority, it may nevertheless constitute secondary authority." Pressler & Verniero, Current N.J. Court Rules, comment 2 on R. 1:36-3 (2017); see also Nat'l Union Fire Ins. Co. of Pittsburgh v. Jeffers, 381 N.J. Super. 13, 18 (App. Div. 2005).

Here, the judge did not state that Iudici was binding, but considered Iudici as persuasive secondary authority. Furthermore, the judge did not solely rely on Iudici. The judge explained that there was a substantial lapse in time — more than twelve years — between the entry of the PSA and the motion before the court. According to the judge, the parties were now in a different

position than they had been in 2003, when they had entered the PSA.

It is undisputed that "arbitration is a favored remedy." Faherty v. Faherty, 97 N.J. 99, 105 (1984). There is no bar to arbitration of family law matters in the Arbitration Act, N.J.S.A. 2A:23B-1 to -32, and the Supreme Court has approved arbitration of alimony and child support issues. Fawzy v. Fawzy, 199 N.J. 456, 471 (2009). "[A]n agreement to arbitrate generally will be valid under state law unless it violates public policy." Hojnowski v. Vans Skate Park, 187 N.J. 323, 342 (2006). Specifically, "[a]n agreement contained in a record to submit to arbitration any existing or subsequent controversy arising between the parties to the agreement is valid, enforceable, and irrevocable except upon a ground that exists at law or in equity for the revocation of a contract." N.J.S.A. 2A:23B-6(a). Such equitable principles apply here.

"Waiver is the voluntary and intentional relinquishment of a known right." Knorr v. Smeal, 178 N.J. 169, 177 (2003). "The intent to waive need not be stated expressly, provided the circumstances clearly show that the party knew of the right and then abandoned it, either by design or indifference." Ibid. Here, the parties waived their right to arbitrate. After the judge ordered arbitration in 2009, six years after the parties had agreed

A-0762-15T3

to arbitrate the PSA issues, and appointed Mr. Kaufman as the arbitrator, the parties again failed to move forward with arbitration. Plaintiff stated that she spoke directly to Mr. Kaufman about moving forward with arbitration in 2009, and received a retainer agreement from him, but neither she nor defendant signed the retainer agreement.

Defendant admits that he was unhappy with Mr. Kaufman's fee and wanted to find another arbitrator. Defendant claims it took several years to agree on fees and which arbitrator to use. He admits that he petitioned the court in 2015, "three, [or] four years" after the parties agreed to use Mr. Lomberg.

The parties were essentially inactive in moving the arbitration forward for six years after the 2009 order compelling arbitration. More than fourteen years have passed since the parties signed the PSA agreement, and there is currently a lack of funds in the Dorgan account to arbitrate the disputed issues. The parties clearly waived their right to arbitrate due to their substantial delay. Therefore, the judge did not err in terminating the parties' obligation to arbitrate.

Defendant's remaining arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We add the following brief remarks.

Laches is "invoked to deny a party enforcement of a known right when the party engages in an inexcusable and unexplained delay in exercising that right to the prejudice of the other party." Knorr, supra, 178 N.J. at 180-81. It "may only be enforced when the delaying party had sufficient opportunity to assert the right in the proper forum and the prejudiced party acted in good faith believing that the right had been abandoned." Id. at 181. Here, the judge did not refer to laches. Moreover, laches does not apply. There is no credible evidence that plaintiff acted in good faith believing that defendant abandoned his right to enforce arbitration. We conclude under the facts of this case that the parties knew of their initial right to arbitrate and subsequently abandoned that right by their conduct spanning more than a decade, which resulted in substantially delaying resolution of the issues in the PSA.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION