**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4723-16T1

ASHLEY JAMES,

     Plaintiff-Respondent,

v.

TAHIR WHITEHEAD,

     Defendant-Appellant.

_____

        Argued October 1, 2018 – Decided October 10, 2018

        Before Judges Fasciale, Gooden Brown and Rose.

        On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FD-07-2329-11.

        Luretha M. Stribling argued the cause for appellant.

        Thomas J. DeCataldo, Jr. argued the cause for respondent (Skoloff and Wolfe, PC, attorneys; Thomas J. DeCataldo, Jr., on the brief).

PER CURIAM

Defendant (the father) appealed from a June 29, 2017 order granting plaintiff's (the mother) application to modify child support for their child (the child), denying his cross-motion for custody and removal of the child from the state, and requiring him to pay the mother's attorney's fees. Certain events, which have occurred since the father filed this appeal, have mooted our review of the award of custody and support payments. But we affirm the award of counsel fees to the mother.

In November 2017, the father filed an application with us seeking permission to file an emergent motion to give him custody because the mother exposed the child to a gun. We granted the application, reviewed the motion, and remanded the matter to the judge to determine if the circumstances warranted a modification of the June 29, 2017 order. On remand, the judge interviewed the child, conducted oral argument, and changed the custody arrangement.

In December 2017, the judge placed the child with the maternal grandmother and stated that the child may not return to the mother's home until further order of the court. But the grandmother subsequently brought the child to the mother's home anyway. The father learned about this – and other concerns about the child's educational, medical, and dental wellbeing – and filed another

2

motion. On the father's later motion, the judge gave him custody of the child pending this appeal, and in September 2018, he reduced the father's child support obligation on an interim basis. The child has remained with the father since June 2018.

In response to the father's recent motion to us seeking permission to supplement the record showing this post-appeal activity between the parties – which we granted on September 27, 2018 – the mother's counsel informed us that the judge scheduled a hearing for October 15, 2018. We anticipate the judge will address all issues pertaining to custody and the father's child support obligations at that hearing. We leave to the discretion of the judge the scope and details of how to conduct that hearing. At this point, we do not address the merits of the interlocutory orders entered by the judge since the June 29, 2017 order on appeal. The parties may later have the right, however, to challenge those orders and whatever order the judge enters after conducting the October 15, 2018 hearing.

On this appeal, the primary remaining issue is whether the judge who entered the June 29, 2017 order abused his discretion by awarding the mother counsel fees. The father contends that the judge erred by awarding her fees

A-4723-16T1

because the question of counsel fees had been contemplated and resolved in a June 2013 consent order.

A Family Part judge may award attorney's fees at his discretion subject to the provisions of Rule 4:42-9. A judge must "'consider the factors set forth in [Rule 5:3-5(c)], the financial circumstances of the parties, and the good or bad faith of either party.'" Mani v. Mani, 183 N.J. 70, 93-94 (2005) (quoting N.J.S.A. 2A:34-23). Application of these factors and the decision to award fees is within the trial court's discretion. Gotlib v. Gotlib, 399 N.J. Super. 295, 314-15 (App. Div. 2008). Attorney's fees are awarded to a party in an action "to enforce and collect child support ordered by a court pursuant to the provision of N.J.S.[A.] 2A:34-23 . . . ." N.J.S.A. 2A:34-23a.

The judge stated that he applied "the provisions of Rule 5:3-5, Rule 4:42-[9] as well as the factors in [R.P.C.] 1.5(a)," and found

> (i) [the father] is in a far superior financial position . . . as [the mother] earns about $46,000 per year and [the father] is a professional athlete who earned $4,750,000 in 2016; (ii) [the father] is in a better position to pay his own fees and contribute to the fees of . . . [the mother]; and (iii) [the father] has exhibited bad faith in these proceedings by refusing to comply with previous orders of this [c]ourt and has taken unreasonable positions in this action.

A-4723-16T1

The judge concluded that the June 2013 consent order did not limit the judge's ability to order attorney's fees.

The father points to paragraph twelve of the consent order, which provided that the "[p]arties shall each pay for their own attorney['s] fees and costs related to resolving the issues contained within this consent order." And he contends that the mother's retainer agreement with her counsel required her to pay her own legal fees. He essentially asserts, therefore, that plaintiff waived her right to request attorney's fees.

"Waiver is the voluntary and intentional relinquishment of a known right." Knorr v. Smeal, 178 N.J. 169, 177 (2003). The waiving party must have a full knowledge of her rights and the intent to surrender the same. Ibid. "The intent to waive need not be stated expressly, provided the circumstances clearly show that the party knew of the right and then abandoned it, either by design or indifference." Ibid.

The mother did not waive her right to attorney's fees. The language of the consent order provides that the parties "shall each pay for their own attorney['s] fees and costs related to resolving the issues contained within this consent order." The consent order does not reference attorney's fees in any future

5

matters concerning the child, and the order does not reflect that the mother knowingly and intentionally waived her rights to such future fees.

There is adequate evidence in the record to support the judge's award of $119,000 in attorney's fees. And we see no abuse of discretion. The father earned $4,750,000 in 2016, whereas the mother earned approximately $50,000 a year. Importantly, the father violated numerous court orders requiring him to comply with discovery or the payment of the parties' litigation costs. We will not second-guess the judge's findings.

We reject the father's assertion that the judge rendered a biased decision, and conclude that such a contention is "without sufficient merit to warrant discussion in a written opinion." R. 2:11-3(e)(1)(E).

We affirm the award of attorney's fees awarded in the June 29, 2017 order. The emergent-remand proceedings as to custody and child support mooted the remaining aspects of the father's appeal. If warranted, the parties may file further appeals – pertaining to custody and child support rulings – subject to the adjudication of those issues after the judge conducts the October 15, 2018 hearing. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4723-16T1