**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1528-18T1

BARRY H. GERTSMAN &
COMPANY,

     Plaintiff-Appellant,

v.

5218 ATLANTIC AVENUE
ASSOCIATES, LLC and GAP
PROPERTIES, LLC,

     Defendants-Respondents,

and

THE STATE OF NEW JERSEY,

     Defendant.

_____

        Submitted November 6, 2019 – Decided December 10, 2019

        Before Judges Hoffman and Firko.

        On appeal from the Superior Court of New Jersey, Law
        Division, Atlantic County, Docket No. L-1531-17.

Briggs Law Office, LLC, attorneys for appellant (Norman W. Briggs, of counsel and on the briefs; Daniel S. Gradwohl, on the briefs).

Jones Wolf & Kapasi, LLC, attorneys for respondents (Joseph K. Jones, on the brief).

PER CURIAM

In this breach of contract action, plaintiff Barry H. Gertsman & Co. appeals from the Law Division's May 21, 2018 order granting defendant 5218 Atlantic Avenue Associates, LLC's (5218 Atlantic) cross-motion for summary judgment finding plaintiff waived its right to receive quarterly commission payments.[1]  Plaintiff also appeals from the court's November 14, 2018 order awarding counsel fees.  We affirm substantially for the reasons stated by Judge John C. Porto in his oral decisions issued as to each order under appeal.

## I.

Defendants own a commercial building located at 5218 Atlantic Avenue in Mays Landing.  In 2005, plaintiff, a licensed real estate broker, procured a tenant, the State of New Jersey, to lease office space from defendants.

---

[1]  GAP Properties, LLC was not a signatory to the commission agreement.

On May 29, 2005, plaintiff and 5218 Atlantic entered into a two-page commission agreement (agreement) relative to this transaction. Plaintiff prepared the agreement. Paragraph two states:

> 2. Upon Lessee's execution of the Lease (the "Execution Date"), and the commencement of rental payments, Lessor agrees to pay Broker an annual amount equal to six percent (6%) of the gross consideration, including, but not limited to, Rent and Additional Rent, paid by Lessee to Lessor under the Lease during any Lease Year, as compensation for Broker's efforts in effectuating the Lease (the "Broker's Commission"). Lessor shall pay the Broker's Commission for each Lease Year in four equal quarterly installments per year, in advance, no later than the tenth (10th) day for the first month of each calendar quarter next following the Execution Date during each year of the Term of the Lease, including any renewals thereto.

Additionally, the agreement entitled plaintiff to receive interest and attorney's fees in the event 5218 Atlantic defaulted on payments.

On September 14, 2006, defendants entered into a lease agreement with the State, which required the State pay rent on the first day of each month. From September 2006 until August 2009, 5218 Atlantic paid commission payments to plaintiff pursuant to the quarterly schedule contemplated in the commission agreement. However, starting in August 2009, 5218 Atlantic began making payments on a monthly basis instead of quarterly. Plaintiff did not object to

receiving the monthly payments.  Between 2010 and 2017, 5218 Atlantic defaulted on its payments.

Collection demands made by plaintiff upon 5218 Atlantic in 2016 were unsuccessful.  Thereafter, on January 13, 2017, plaintiff filed a complaint in the Chancery Division alleging: (1) defendants breached the terms of the agreement by failing to make any payments in the final quarter of 2016 and the first quarter of 2017 (count one); (2) GAP Properties, LLC (GAP) tortiously interfered with the agreement between plaintiff and 5218 Atlantic by withholding payments owed by 5218 Atlantic (count two); and (3) plaintiff was entitled to equitable relief, reforming the agreement and requiring the State to pay commission payments directly to plaintiff (count three).

After the matter was transferred to the Law Division, plaintiff moved for partial summary judgment on February 9, 2018, arguing that there were no genuine issues of material fact warranting trial as to defendants' breach of the agreement because the express language of the agreement clearly established their obligation to make quarterly commission payments in advance.  On March 6, 2018, defendants cross-moved for summary judgment asserting that the commission payments were made, and plaintiff waived its right to receive

4

quarterly payments in advance because plaintiff accepted payments on a monthly basis for over a decade.

Following oral argument on March 27, 2018, the judge found the agreement "unambiguously expressed the mutual responsibilities between the parties regarding the payment of the commissions."  Nevertheless, the judge indicated that plaintiff "waived the payment provision in the contract [insofar] as that provision required quarterly payments to be made in advance." Moreover, the judge explained that plaintiff assented to, and accepted, 5218 Atlantic's monthly payments continuously for eleven years, thereby constituting a waiver of the quarterly payment schedule set forth in the agreement.  The judge found that the change of "the payments from quarterly to monthly constituted that new consideration."

Absent an express agreement, the judge noted a party can waive a provision "provided the circumstances clearly show that the party knew of the right and then abandoned it either by design or indifference," citing Knorr v. Smeal, 178 N.J. 169 (2003).  The judge concluded that 5218 Atlantic failed to make timely payments on a monthly basis and breached the agreement.

Finally, the judge considered defendants' cross-motion for summary judgment.  As to defendants' claim for reformation of the agreement based upon

the course of dealing between the parties, the judge found plaintiff "is deemed to have waived the right to commission payments quarterly in advance" and payments are "deemed to be due monthly on the tenth of the month."

In a March 29, 2018 memorializing order, the judge dismissed the State from the case, and directed plaintiff to submit a letter as to the status of the tortious interference claim against GAP. A corrective order was issued on May 21, 2018, reflecting that the tortious interference claim, count two, was dismissed at plaintiff's request. The judge also ordered plaintiff to submit an application for counsel fees and provided defendants an opportunity to oppose same.

As directed, plaintiff submitted the May 22, 2018 certification of Norman W. Briggs, asserting his client incurred $33,960.62 in fees and expenses. In a supplemental certification dated June 19, 2018, Briggs sought an additional amount of $1648.28 in interest relative to defendants' late payments, and $1140 in additional attorney's fees incurred since his May 22, 2018 certification was filed. On November 9, 2018, the judge heard oral argument on plaintiff's application for counsel fees.

On November 13, 2018, the judge rendered his oral decision on the issue of counsel fees. In his decision, the judge analyzed the threshold issue as to

whether the fees were reasonable. He noted plaintiff prevailed on one of the three counts pled in its complaint, but 5218 Atlantic successfully argued the commission payments became due on a monthly basis, not quarterly, because plaintiff chose to forego enforcement of its rights under the agreement.

Moreover, the judge considered the Rule 4:42-9(a) and RPC 1.5(a) factors. He stated the reasonableness of attorney's fees depends on whether the party seeking fees prevailed, relying upon the Supreme Court's opinion in N. Bergen Rex Transp. Inc. v. Trailer Leasing Co., 158 N.J. 561 (1999) and Singer v. State, 95 N.J. 487 (1984). Since plaintiff only prevailed on one of the three counts in the complaint, the judge concluded plaintiff is only entitled to one-third of its fees sought. The judge therefore ordered defendants to pay counsel fees to plaintiff in the sum of $13,252.64, plus interest and costs, for a total of $14, 906.15, and entered an order to this effect on November 14, 2018.

On appeal, plaintiff argues that the judge erred by granting partial summary judgment and finding it waived the right to receive quarterly advance payments, and by awarding plaintiff only a portion of its counsel fees requested. We disagree.

"In reviewing a grant or denial of summary judgment, [we are] bound by the same standard as the trial court under Rule 4:46-2(c)." State v. Perini Corp.,

221 N.J. 412, 425 (2015) (citations omitted). "We must 'consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party.'" Ibid. (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)).

In our review, we "must view the facts in the light most favorable to the non-moving party, which in this case [are]" defendants. Bauer v. Nesbitt, 198 N.J. 601, 604-05 n.1. (2009); see also R. 4:46-2(c); Brill, 142 N.J. at 540. Summary judgment is appropriate where the record demonstrates "no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment . . . as a matter of law." Burnett v. Gloucester Cty. Bd. of Chosen Freeholders, 409 N.J. Super. 219, 228 (App. Div. 2009) (quoting R. 4:46-2(c)).

Plaintiff first contends the judge erred by not enforcing the agreement as written regarding the quarterly payment of the commissions in advance, and there was never a waiver of that provision.

Waiver "involves the intentional relinquishment of a known right and thus it must be shown that the party charged with the waiver knew of his or her legal rights and deliberately intended to relinquish them." Spaeth v. Srinivasan, 403 N.J. Super. 508, 514 (App. Div. 2008) (quoting Shebar v. Sanyo Bus. Sys. Corp.,

111 N.J. 276, 291 (1988)). "Such a waiver must done 'clearly, unequivocally, and decisively.'" Cole v. Jersey City Med. Ctr., 215 N.J. 265, 277, (2013) (quoting Knorr v. Smeal, 178 N.J. 169, 177 (2003)). Where a contract requires any waiver or modification to be in writing, we will enforce those unambiguous terms, absent clear conduct that the parties intended to waive the requirement for a writing. See Lewis v. Travelers Ins. Co., 51 N.J. 244, 253 (1968); Home Owners Constr. Co. v. Glen Rock, 34 N.J. 305, 316 (1961); Headley v. Cavileer, 82 N.J.L. 635, 637-39 (E. & A. 1912). Clear and convincing evidence is required to prove waiver of a writing requirement. Home Owners Constr. Co., 34 N.J. at 317.

Here, 5218 Atlantic clearly and convincingly demonstrated that plaintiff waived its right to enforce the precise terms of the agreement based upon an eleven-year course of dealings. By assenting to and accepting the monthly payments from 5218 Atlantic, plaintiff "relinquished the quarterly payments provision." The agreement provided plaintiff with the right to a quarterly advance payment, but that right was voluntarily and intentionally waived by plaintiff.

Next, we turn to plaintiff's contention that the judge abused his discretion by awarding plaintiff only one-third of its fees because it only prevailed on one

of the three counts pled in the complaint. According to plaintiff, counts two and three were incidental, in that count two was necessitated because of the unclear relationship between defendants, and count three was dismissed early on in the litigation.

We review an award of counsel fees for abuse of discretion. Where the judge follows the law and "makes appropriate findings of fact, a fee award is accorded substantial deference and will be disturbed only in the clearest case of abuse of discretion." Yueh v. Yueh, 329 N.J. Super. 447, 466 (App. Div. 2000); see also Barr v. Barr, 418 N.J. Super. 18, 46 (App. Div. 2011). An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigration & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)); Barr, 418 N.J. Super. at 46.

This court will disturb a counsel fee determination "only on the rarest of occasions . . . ." Litton Indus., Inc. v. IMO Indus., Inc., 200 N.J. 372, 386 (2009) (quoting Packard-Bamberger & Co., Inc. v. Collier, 167 N.J. 427, 444 (2001)).

The judge relied on the two-prong test articulated in Singer v. State, 95 N.J. 487, 494 (1984). "The first prong requires that the litigant seeking fees

A-1528-18T1

establish that the 'lawsuit was causally related to securing the relief obtained; a fee award is justified if [the party's] efforts are a necessary and important factor in obtaining the relief.'" Packard-Bamberger, 167 N.J. at 444 (alteration in original) (quoting N. Bergen Rex Transp. v. Trailer Leasing Co., 158 N.J. 561, 571 (1999)). "The second prong involves a factual and legal determination, requiring the party seeking fees to prove that 'the relief granted has some basis in law.'" Ibid. (quoting N. Bergen Rex Transp., 158 N.J. at 571).

The judge found plaintiff satisfied both Singer prongs entitling it to counsel fees pursuant to the agreement. The record is replete with 5218 Atlantic's failure to make payments over a long period of time. The relevant factors were considered by the judge. We are unpersuaded by plaintiff's argument that Singer involved an award of fees pursuant to a statute and not a private contract between the parties. We discern no error or abuse of discretion.

To the extent we have not specifically addressed any of plaintiff's contentions, we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11

A-1528-18T1