# IN THE COURT OF APPEALS OF IOWA

No. 24-1599
Filed October 15, 2025

**ESTATE OF DAVID SPIEKER, by its Administrator, Diana Spieker, and DIANA SPIEKER, individually,**
    Plaintiffs-Appellants,

**vs.**

**CATHOLIC HEALTH INITIATIVES – IOWA, CORP. d/b/a MERCYONE DES MOINES SURGICAL GROUP and DENNIS WITMER, D.O.,**
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Polk County, Coleman McAllister, Judge.

An estate appeals the district court's ruling on summary judgment. **AFFIRMED.**

Brian Patrick Galligan (argued) and Amber J. Haberl of Galligan Law, P.C., Clive, for appellant.

John A. Maschman (argued), Frederick T. Harris, and Sarah E. Schleisman and of Lamson Dugan & Murray LLP, West Des Moines, for appellants.

Heard at oral argument by Ahlers, P.J., and Chicchelly and Sandy, JJ.

**CHICCHELLY, Judge.**

An estate appeals from the district court's grant of summary judgment dismissing its wrongful-death action against Catholic Health Initiatives and Dr. Dennis Witmer. It alleges (1) the defendants waived their right to challenge the certificate of merit by engaging in substantial litigation, (2) their certificate of merit substantially complied with Iowa Code section 147.140 (2021), (3) the expert certification requirements of Iowa Code section 668.11 are the applicable standards, and (4) Iowa Code section 147.140 is unconstitutionally vague. Upon our review, we affirm.

## I.     Background Facts and Proceedings

The estate of David Spieker brought this action against the defendants in January 2021 after Spieker died of sepsis one day after a laparoscopic cholecystectomy. In its petition, the estate alleges the defendants negligently caused Spieker's death and loss of spousal consortium. The estate filed its certificate of merit signed by their expert in March 2021. The certificate did not include language that it was sworn "under penalty of perjury," and the estate's expert was not under oath at the time of signing. The parties engaged in discovery ahead of the October 2024 trial date.

While the case was pending, the supreme court decided *Miller v. Catholic Health Initiatives-Iowa, Corp.*, 7 N.W.3d 367 (Iowa 2024). In *Miller*, our supreme court ordered dismissal of a medical malpractice action because it concluded the plaintiff's certificate of merit did not comply with Iowa Code section 147.140 because it was unsworn and did not substantially comply with the statute's unambiguous affidavit requirement. *Id.* at 374–75.

On July 18, 2024—over three years after certificate was filed—the defendants moved for summary judgment asserting the estate's certificate of merit did not substantially comply with section 147.140. The district court granted the motion and dismissed the action. The estate appeals.

## II.      Standard of Review

The court reviews rulings on motions for summary judgment for correction of errors at law. *Id.* at 373. The court also reviews the district court's rulings on statutory interpretation for correction of errors at law. *Id.* at 372. And the court reviews constitutional issues de novo. *State v. Geddes*, 998 N.W.2d 166, 171 (Iowa 2023).

## III.      Discussion

### a. Waiver and Estoppel

First, the estate argues the defendants waived their right to challenge the certificate of merit by waiting nearly three years and engaging in substantial litigation. The defendants respond that section 147.140 has no deadline for challenging certificates of merit, and their challenge came before the district court's deadline for summary judgment.

The estate points the court to a four-justice[1] concurring opinion in *S.K. v. Obstetric & Gynecologic Associates of Iowa City & Coralville, P.C.* 13 N.W.3d 546, 569 (Iowa 2024) (Waterman, J., concurring). There, the defendant never raised the issue before the district court and raised the certificate of merit issue for the

---

[1] The majority opinion was written by Justice May. Justice Waterman concurred on this issue joined by Chief Justice Christensen, and Justices McDonald and McDermott.

first time in a motion to reverse. The supreme court held error was not preserved. *Id.* at 553–54. In a concurring opinion, the court reasoned the defendant "impliedly waived its right to dismissal under section 147.140(6) by failing to raise the issue before final judgment, by the dispositive motion deadline, or indeed at any time during nearly four and a half years of litigation until its appellate motion to reverse." *Id.* at 569 (Waterman, J., concurring).

But our supreme court recently decided the waiver issue in *Banwart v. Neurosurgery of North Iowa, P.C.* 18 N.W.3d 267, 276–78 (Iowa 2025). In *Banwart*, the defendants "moved for summary judgment under section 147.140(6) over a year before the district court's dispositive motion deadline and trial." *Id.* at 276–77. The supreme court decided the dispositive motion deadline entered by the district was controlling for the purposes of waiver. *Id.* ("Using the dispositive motion deadline as a bright line for determining waiver avoids a fact-intensive inquiry into how much discovery is too much.").

In addition to claiming the defendants' conduct of engaging in substantial litigation for nearly three years waived their right to challenge the certificate of merit, the estate contends the same conduct estops them from making the challenge. While the issue of estoppel was not raised in *Banwart*, we find that the rationale used by the supreme court to reject the waiver argument would similarly apply to the estate's estoppel argument. In *Banwart*, the supreme court opted for a bright-line rule setting the dispositive-motion deadline as the deadline for raising challenges to the certificate of merit, noting that doing so "avoids a fact-intensive inquiry into how much discovery is too much." 18 N.W.3d at 277. While that

passage applies to a waiver claim, the same reasoning applies to estoppel challenges, and we reject the estate's challenge accordingly.

Because *Banwart* controls and the motion for summary judgment was filed before the dispositive motion deadline in district court, we find the defendants did not waive their right to challenge the certificate of merit nor were they estopped from doing so.

### b. Substantial Compliance

Second, the estate asserts their certificate of merit substantially complied with section 147.140. The estate raises several arguments in favor of substantial compliance. We apply *Miller* and *Banwart* and hold that the estate did not comply with section 147.140 because their experts did not sign the certificate of merit under oath or under penalty of perjury. *See Miller*, 7 N.W.3d at 374; *Banwart*, 18 N.W.3d at 272–73. At the outset, the supreme court had made it clear that the expert's signed but unsworn certificate without reference to "under penalty of perjury" failed to substantially comply with section 147.140. *Miller*, 7 N.W.3d at 375–77. The same is true here.

Next, we address the other arguments made by the estate supporting their substantial compliance argument. The estate argues substantial compliance because their expert "affirmed" their statements. But as the supreme court has made clear "counsel must ensure that a timely certificate of merit is signed by the expert *under oath or under penalty of perjury*." *Banwart*, 18 N.W.3d at 274 (emphasis added). Affirming is insufficient. *Miller*, 7 N.W.3d at 375. Then the estate claims experts cannot be subject to perjury for opinion testimony. The supreme court in *Banwart* addressed that very issue by stating:

We disagree with that premise. What if the expert lies about his or her qualifications? *See, e.g.*, *State v. Wolfrum*, 175 P.3d 206, 207 (Idaho Ct. App. 2007) (affirming the perjury conviction of an expert witness who lied about his credentials); *State v. Sullivan*, 130 A.2d 610, 615–16 (1957) (affirming the perjury conviction of a medical doctor and rejecting his argument that he could not be criminally liable for giving medical opinions). Or what if the medical expert falsely testifies to holding opinions he or she in fact disbelieves? *See State v. Hawkins*, 620 N.W.2d 256, 262–63 (Iowa 2000) (en banc) (affirming the *de*fendant's perjury conviction for false opinion testimony and collecting cases upholding perjury convictions when the witness in fact had no such belief or opinion). Experts, like other humans, have been known to lie. Experts and lay witnesses alike must raise their right hand at trial.

*Banwart*, 18 N.W.3d at 274–275. Finally, throughout its argument, the estate expresses its disagreement with *Miller*. As an intermediate appellate court, we are not free to overrule supreme court precedent. *See State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014). We find the estate failed to substantially comply with section 147.140.

### c. Section 668.11[2]

Third, the estate argues the defendants forfeited their right to challenge the certificate of merit when it did not move to dismiss prior to expert certification governed by Iowa Code section 668.11. The legislature did not include a deadline within section 147.140(6) to challenge a certificate of merit. Defendants do not waive their right to do so by engaging in discovery. *See Banwart*, 18 N.W.3d at 277; *see also McHugh v. Smith*, 966 N.W.2d 285, 291 (Iowa Ct. App. 2021). "Section 147.140(3) incorporates by reference, and works in tandem with, the

---

[2] The district court did not analyze section 668.11 as a bar to the defendants' motion but stated "to the extent that Plaintiffs have raised additional arguments against the dismissal of this action, the Court has considered but denies all such claims." Therefore, we treat it as though preserved and proceed to the merits.

expert disclosure requirements in Iowa Code section 668.11 (requiring disclosure of expert witnesses in professional liability cases 'within one hundred eighty days of the defendant's answer')." *Struck v. Mercy Health Servs.–Iowa Corp.*, 973 N.W.2d 533, 541 (Iowa 2022). And as the supreme court held in *Banwart*, "defendants may control the timing of their motions for summary judgment, subject to the district court's dispositive motion deadline, without waving their rights under section 147.140." 18 N.W.3d at 278. So, we find the defendants have not forfeited their right by moving for summary judgment after expert certification.

### d. Constitutional Challenges[3]

Fourth, the estate argues section 147.140 is unconstitutionally vague and cannot be applied retroactively. In *Banwart*, the supreme court rejected a void for vagueness challenge to this statute. *Id.* at 275–276. The court found the statute is unambiguous. *Id.* at 275; *see also Miller*, 7 N.W.3d at 374; *Shontz v. Mercy Med. Ctr.–Clinton, Inc.*, No. 23-0719, 2024 WL 2868931, at *1 (Iowa June 7, 2024) (per curiam). Because the statute is unambiguous, the void-for-vagueness challenge fails. *Banwart*, 18 N.W.3d at 276 ("The Banwarts cannot even show section 147.140 is ambiguous, and they fall well short of demonstrating that this civil statute is so vague as to be unconstitutional.").

The estate also argues *Miller* should not apply retrospectively to this case because it was already pending when *Miller* was decided. But "[a] judicial

---

[3] When raising this constitutional challenge, the estate failed to comply with rule 6.901(3), which requires a party challenging the constitutionality of a statute to "provide the attorney general with written notice containing the supreme court case number, a reference to rule 6.901(3) identifying the act called into question, and the contact information of the attorney(s) of record." Despite this, we reach and reject the estate's constitutional challenge.

construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction." *State ex rel. Miller v. Pace*, 677 N.W.2d 761, 772 (Iowa 2004) (quoting *Rivers v. Roadway Exp., Inc.*, 511 U.S. 298, 311–12 (1994)). We hold *Miller* is a controlling interpretation of section 147.140 that applies to this case. So, we find section 147.140 is constitutional.

## IV. Conclusion

Because we find the estate's challenges are foreclosed by *Miller* and *Banwart*, we affirm

**AFFIRMED.**

Ahlers, P.J., concurs; Sandy, J., dissents.

**SANDY, Judge** (dissenting).

"Late have I loved you, Beauty so ancient and so new, late have I loved you!"[4]  Catholic Health Initiatives and Dr. Dennis Witmer (together, "CHI") waited over three years before filing their motion to dismiss for the estate of David Spieker's non-compliance with the certificate of merit. I respectfully dissent from the majority opinion because I believe the relief CHI seeks should be barred by estoppel by acquiescence.[5]

"[E]stoppel by acquiescence occurs when a person knows or ought to know of an entitlement to enforce a right and neglects to do so for such time as would imply an intention to waive or abandon the right."  *Garrett v. Huster*, 684 N.W.2d 250, 255 (Iowa 2004) (alteration in original) (citation omitted).  Both the majority and the district court, while seemingly struggling with the concept, likewise gave it short thrift.  The district court reasoned:

> Finally, the Court must acknowledge and address case law from New Jersey that supports Plaintiffs equitable estoppel argument.  In *Knorr v. Smeal*, the Supreme Court of New Jersey held that a medical malpractice defendant's late-filed motion to dismiss based on plaintiff's failure to timely file an affidavit of merit was barred

---

[4] Saint Augustine, *Confessions* bk. X, ch. 27, at 201 (Henry Chadwick trans., Oxford Univ. Press 1991).

[5] Although not directly applicable to the basis for my dissent, *Banwart v. Neurosurgey of North Iowa, P.C.* dealt in part with waiver in relation to the timing of a substanative *motion to dismiss* for lack of compliance with the certificate of merit.  18 N.W.3d 267 (Iowa 2025).  However, unrelated to the timing of a motion to dismiss, is whether a preserved *objection* to the certificate of merit was made—no different than an objection we otherwise deem not properly preserved in other civil litigation certification contexts such as interrogatories, requests for production of documents, and requests to admit/deny.  *See* Iowa R. Civ. P. 1.503(7) and (2).  I would distinguish between the timeliness of a dispositve *motion* to dismiss and the preservation of an *objection* pursuant to Iowa Rule of Civil Procedure 1.503(2).  Regardless, that differentiation is for the supreme court to chart as they decide post-*Banwart* appeals.

by the doctrine of equitable estoppel and laches. *See, Knorr v. Smeal*, 836 A.2d 794 ([N.J.] 2003).

Of course, *Knorr* is not binding authority on this Court. Nor does this Court find *Knorr* to be persuasive authority because it is factually distinguishable. What particularly distinguishes the case at bar from *Knorr* is that the defendant in *Knorr* waited to file its motion to dismiss challenging plaintiff's certificate of merit until four months <u>after</u> the court imposed dispositive motions deadline had expired. *Id.* at 797. Not surprisingly, given that fact, the New Jersey court found equitable estoppel applied to foreclose a late-filed challenge. This Court would reach the same result had Defendants not timely filed their motion.

In my opinion, the flaw in the district court's reasoning is its failure to recognize that estoppel by acquiescence does not require a showing of detrimental reliance or prejudice. *Huster*, 684 N.W.2d at 255. Rather, "[e]stoppel by acquiescence applies when (1) a party 'has full knowledge of his rights and the material facts'; (2) 'remains inactive for a considerable time'; and (3) acts in a manner that 'leads the other party to believe the act [now complained of] has been approved.'" *Markey v. Carney*, 705 N.W.2d 13, 21 (Iowa 2005) (second alteration in original) (citation omitted). Thus, whether the motion to dismiss was filed before or after the dispositive motion deadline is irrelevant. What is relevant is whether the party "remains inactive for a considerable time." *Id.* (citation omitted). That analysis does not hinge on an arbitrarily[6] set dispositive motion deadline but—like most equitable estoppel theories—on the unique facts and circumstances of the case.[7]

---

[6] I use the word "arbitrarily" because it is often the parties themselves that set such deadline based upon counsel's own schedules and the nature of the case.

[7] *Banwart's* edict that "[u]sing the dispositive motion deadline as a bright line for determining <u>waiver</u> avoids a fact-intensive inquiry into how much discovery is too much" applies to waiver not estoppel by acquiescence. *Banwart v. Neurosurgery of N. Iowa, P.C.*, 18 N.W.3d 267, 277 (Iowa 2025) (emphasis added). That is so because unlike waiver, theories of equitable estoppel are always fact-intensive.

And while the district court was correct that New Jersey Supreme Court precedent is not binding authority, it was authority that our own supreme court repeatedly relied on in analyzing this issue. *See Banwart*, 18 N.W.3d at 275; *Miller v. Catholic Health Initiatives-Inc.*, 7 N.W.3d 367, 376 (Iowa 2024). Thus, the district court was right to flag and focus on *Knorr*. The New Jersey Supreme Court's decision in *Knorr* is directly on point, particularly after *Banwart*. To start, it is important to clarify what *Banwart* did *not* do. *Banwart* did not address estoppel by acquiescence—only waiver. And it is worth clarifying that waiver and estoppel are distinct legal doctrines.[8] They share some similarities, but they are not to be conflated. Although waiver belongs to the family of estoppel, "they are nevertheless distinguishable terms." *Collins v. Iowa Mfrs.' Ins. Co.*, 169 N.W. 199, 201 (Iowa 1918).

The court in *Knorr* did not rely on (or even mention) the dispositive motion deadline in its estoppel analysis. Nor should we. The court's substantive analysis of estoppel centered on the pragmatic reality that a defendant who participates in discovery on the merits for an extended period of time "induce[s] plaintiffs to believe that the case was on course." *Knorr*, 836 A.2d at 800. This observation applies with equal, if not greater, force in this case because expensive, expansive, and intensive discovery occurred for three years, not fourteen months.[9]

---

[8] Equitable exceptions to limiting statutes—including estoppel—are not uncommon in Iowa. *Rivas v. Brownell*, 18 N.W.3d 211, 220 (Iowa 2025).

[9] Ironically, a dispositive motion deadline occurs only after the close of discovery has occurred. Thus, various motions—including a motion for summary judgment— make sense in this context. However, a motion addressing the insufficiency of a certificate of merit (which must be filed sixty days after the commencement of suit) filed three years after the deadline for the certificate of merit does not "identify and weed out non-meritorious malpractice claims from the judicial system efficiently

Similar to *Banwart*, *Knorr* held the defendant did not waive its right to dismissal because New Jersey's "Affidavit of Merit statute places no obligation on a defendant to file a dismissal motion within a set timeframe." *Id.* The New Jersey Supreme Court nevertheless held the doctrine of equitable estoppel applied. The same is true here.

All three elements of estoppel by acquiescence are met in the current case. To the first element, if a plaintiff is expected to know the meaning of "under the oath of the expert" and related requirements of jurat at the time the expert signs a certificate of merit, then certainly a defendant is expected to know that as well, meaning that the defendants in this case had full knowledge of their rights, fulfilling element number one. *See Markey*, 705 N.W.2d at 21.

As to the latter two elements, Spieker served Dr. Aach's certificate of merit on March 2, 2021, three months prior to the expiration of the statute of limitations and more than three years before CHI filed their motion for summary judgment. This is "considerable time." *See id.* The plain language of section 147.140(1)(2021) requires compliance "prior to the commencement of discovery." By its terms, the statute creates a discovery moratorium and vests the defendant with the power of an objection to any discovery on the merits until the defendant is satisfied the plaintiff's certificate of merit substantially complies with the statute.

Yet, in the ensuing three years, CHI never challenged the sufficiency of the certificate of merit. In fact, CHI instead proceeded to spend significant time, money, and resources in defending this claim, including subjecting Dr. Witmer and

---

and promptly." *Struck v. Mercy Health Services-Iowa Corp.*, 973 N.W.2d 533, 542 (Iowa 2022).

other defendants to depositions.  The estate relied on CHI's conduct in this regard and continued to prosecute the matter and engage in substantial discovery at significant time and expense.  In other words, they acted in a manner that "le[d] the other party to believe the act [now complained of] has been approved."  *Id.* (second alteration in original) (citation omitted).

For these reasons, I respectfully dissent and would reverse the district court's dismissal and remand for further proceedings.