**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1046-17T1

ALLIANCE SHIPPERS, INC.,

     Plaintiff-Appellant,

v.

JOHN J. GARCIA,

     Defendant,

and

CARLOS O. GARCIA,

     Defendant-Respondent.

_____

Argued October 29, 2018 – Decided January 29, 2019

Before Judges Haas and Sumners.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-6000-12.

Alan M. Lebensfeld argued the cause for appellant (Lebensfeld Sharon & Schwartz, PC, attorneys; Ronald Horowitz, on the brief).

David W. Fassett argued the cause for respondent (Arseneault & Fassett, LLP, attorneys; David W. Fassett, on the brief).

PER CURIAM

Plaintiff Alliance Shippers, Inc. appeals the October 13, 2017 order granting defendant Carlos Garcia's reconsideration motion to vacate the Law Division's prior order to reinstate the complaint against defendant. We affirm.

In 2012, plaintiff, a New Jersey corporation, filed suit in the Law Division against Krisp-Pak Sales Corp., a wholesale produce business incorporated in New York State and based in the Bronx. Several months after Krisp-Pak closed its operations, plaintiff obtained a default judgment in June 2012 against the business totaling $369,700.68 plus prejudgment interest in the amount of $1,067.68, counsel fees, and costs to be determined.

Facing difficulty collecting on its judgment, plaintiff sued Krisp-Pak's officers and shareholders, Carlos Garcia and John Garcia[1] (collectively referred to as defendants or the Garcias), two months later, alleging they were personally liable for the judgment against Krisp-Pak. Plaintiff specifically alleged defendants were liable under the theories of fraudulent transfer (transferring

---

[1] John Garcia is not a party to this appeal.

Krisp-Pak's assets to avoid judgment collection) and failure to comply with a post-judgment notice of demand under N.J.S.A. 2A:17-74.[2]

On February 8, 2013, the motion judge entered an order (February 2013 order) granting defendants' motion to dismiss the complaint for lack of personal jurisdiction.  In pertinent part, as to Carlos,[3] the judge relied upon his certification in which he asserted that he was a citizen and domiciliary of Florida, without any personal or business contacts with New Jersey.

Plaintiff did not appeal the order.  Instead, in July 2013, plaintiff filed a complaint, which was later amended, in the United States District Court, Southern District of New York, against defendants alleging claims of fraudulent

---

[2]  N.J.S.A. 2A:17-74 provides:

> Every agent or person having charge or control of any property of a corporation shall, upon request therefor by any officer having for service a writ of execution against it, furnish to such officer the names of the directors and officers of the corporation, and a schedule of all its property, including debts due or to become due to it so far as he has knowledge thereof.
>
> Any such agent or person who shall neglect or refuse to comply with the provisions of this section shall himself be liable to pay to the execution creditor the amount due on the execution, with costs.

[3]  Intending no disrespect, we use first names for ease of reference because defendants share a last name.

A-1046-17T1

transfer, recharacterization, equitable subordination, breach of fiduciary duties and punitive damages. Plaintiff did not assert the claim of failure to comply with a post-judgment notice of demand as it alleged in the dismissed Law Division action.

In an April 17, 2015 order and opinion, the federal district court granted defendants' Rule 12(b)(6) motion to dismiss the complaint with prejudice. The court found there was "not a single factual allegation supportive of any fraudulent intent by defendants" to support a claim of fraudulent transfer. The allegations of recharacterization and equitable subordination were dismissed because they involved bankruptcy claims, which were not properly before the court. The breach of fiduciary duties claim, as set forth in plaintiff's amended complaint, was determined to be conclusory and threadbare. And as to the punitive damages claim, the court found that it was a remedy not a claim, and, moreover, the complaint's allegations of defendants' misconduct did not satisfy the high standard needed to award such damages. The dismissal order was unanimously affirmed for the same reasons by the Second Circuit Court of Appeals in a summary order dated October 14, 2016.

Less than a year later, plaintiff returned to the Law Division to continue pursuit of its claims against Carlos by filing a Rule 4:50-1 motion to vacate the

February 2013 order of dismissal. On September 15, 2017, a different motion judge entered an order (September 2017 order) vacating the February 2013 order.

In an oral decision, the judge stated that relief was appropriate because plaintiff discovered new evidence, which established that Carlos had sufficient contacts in New Jersey to warrant personal jurisdiction over him. In a separate Law Division action to collect on the Krisp-Pak judgment, plaintiff sought orders of execution against delinquent receivables owed by Krisp-Pak's former customers. One such customer, Xenofon Gialias, stated in a November 2016 deposition that between 2008 and 2011, he had rented a house he owned in Leonia to Carlos. In a subsequent December 2016 response to a production of documentation request that was made at the deposition, Gialias' counsel advised plaintiff's counsel that Gialias had no written lease agreement or any other documentation evidencing the rental to Carlos other than a hand-written letter dated December 12, 2011, purportedly signed by Carlos. The letter stated that he (Carlos) was terminating his lease to the house. Below Carlos' alleged signature, was the handwritten notation purportedly signed by a Tara Glass, stating "I, Tara Glass will leave Wed. Jan. 18, 2012." The judge determined the rental established that Carlos had contacts with New Jersey during the time in

A-1046-17T1

question, which was a material contradiction of Carlos' certification that was provided to and relied upon by the prior motion judge to support the February 2013 order of dismissal in Carlos' favor.

Claiming the judge failed to consider applicable law asserted in his opposition to plaintiff's motion, Carlos moved for reconsideration. Applying Rule 4:49-2, the judge agreed by entering an order on October 13, 2017, vacating the September 2017 order and, in turn reinstating the February 2013 order of dismissal.

In his oral decision, the judge rejected Carlos' argument that plaintiff's motion to vacate the February 2013 order of dismissal (as to him) based upon newly discovered evidence was untimely. The judge determined that Rule 4:50-2 – which affords a one-year period to file a Rule 4:50-1(b) motion to vacate an order based upon newly discovered evidence – did not apply. The judge granted plaintiff's motion to vacate the February 2013 order under the lens of Rule 4:50-1(f), which is a catch-all provision that authorizes relief for a party from an order for "any other reason justifying relief from the operation of the . . . order." See A.B. v. S.E.W., 175 N.J. 588, 593 (2003). Rule 4:50-2 provides that a Rule 4:50-1(f) motion must be filed within a reasonable time after entry of the order ought to be vacated instead of the limited one-year period for filing a Rule 4:50-

1(b) motion. The judge reasoned that since plaintiff filed its motion to vacate in August 2017, about six months after it received the alleged lease termination letter written by Carlos, the motion was filed within a reasonable time.

Nonetheless, the judge granted reconsideration and reinstated the February 2013 dismissal of the complaint as to Carlos because the judge recognized that he overlooked the res judicata argument raised by Carlos to oppose the plaintiff's motion to vacate the dismissal. Relying upon Velasquez v. Franz, 123 N.J. 498, 505-07, 510 (1991), the judge determined that because plaintiff's Law Division claims against Carlos arising from the judgment against Krisp-Pak were similar to the federal court claims dismissed with prejudice, res judicata barred plaintiff from further re-litigating the Law Division claims. The judge stated that in Velasquez, our Supreme "Court held that under both federal and New Jersey law[, the d]istrict [c]ourt judgment was an adjudication on the merits, which precluded re-litigation in New Jersey [s]tate [c]ourt even though the federal judgment dismissed the plaintiff's claims prior to trial and without any fact[-]finding." See 123 N.J. at 507.

Before us, plaintiff argues the statutory notice of demand claim remains viable because the federal court did not dismiss the claim, and that equitable estoppel bars Carlos' ability to apply res judicata to preclude collection of the

A-1046-17T1

state judgment debt based on to the federal court's order of dismissal. We find insufficient merit in these arguments to warrant extensive discussion in a written opinion, Rule 2:11-3(e)(1)(E), and affirm primarily based on the trial judge's oral decision. We add the following brief remarks.

The fact that plaintiff's dismissed federal complaint did not include a notice of demand claim does not prevent application of res judicata to bar plaintiff from pursing the claim against Carlos in the Law Division. Plaintiff cites no valid reason why it could not have raised the claim in the federal action. "The principle of res judicata applies not only to 'all matters litigated and determined by such judgment but also as to all relevant issues which could have been presented, but were not.'" Culver v. Ins. Co. of N. Am., 115 N.J. 451, 463 (1989) (quoting Anselmo v. Hardin, 253 F.2d 165, 168 (3d Cir. 1958)). Moreover, the notice of demand claim should be precluded because it relies upon the same theory of recovery, the same witnesses and documents, and the same material facts as the claims that were included in the federal action. See Wadeer v. N.J. Mfrs. Ins. Co., 220 N.J. 591, 606-08 (2015) (citing Culver, 115 N.J. at 461-62). That being, Carlos diverted Krisp-Pak's assets to prevent plaintiff from collecting on the judgment against Krisp-Pak.

As for equitable estoppel, it does not apply to allow plaintiff to prosecute its fraud claims against Carlos. As explained by the Court in <u>Knorr v. Smeal</u>, 178 N.J. 169, 178 (2003), the doctrine is:

> "founded in the fundamental duty of fair dealing imposed by law." [It] is designed to prevent injustice by not permitting a party to repudiate a course of action on which another party has relied to his [or her] detriment. . . . Estoppel, unlike waiver, requires the reliance of one party on another. In short, to establish equitable estoppel, plaintiffs must show that defendant engaged in conduct, either intentionally or under circumstances that induced reliance, and that plaintiffs acted or changed their position to their detriment.
>
> [Id. at 178 (citations omitted).]

Carlos did nothing to mislead plaintiff to believe something that he later sought to repudiate in order to defend against plaintiff's claims. His initial defense to the complaint was that the Law Division lacked personal jurisdiction over him, which he still maintains.[4] Plaintiff, however, never relied upon Carlos' contention that he had no New Jersey contacts to its detriment in pursuing collection against Krisp-Pak. Plaintiff filed this action on the belief that our courts had jurisdiction over Carlos. Plaintiff's attempt to sue Carlos in New York federal court was dismissed on its merits, due to the failure to state a claim,

---

[4] He certified that he never rented a house in New Jersey and denied writing the December 12, 2011 lease termination letter.

and had nothing to do with Carlos' assertion that he did not live or do business in New Jersey.  Lastly, the motion judge granted Carlos' reconsideration motion to vacate the September 2017 order based upon res judicata, which thereby reinstated the February 2013 order dismissing the Law Division lawsuit irrespective of the lack of personal jurisdiction concern that formed the basis for the initial dismissal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1046-17T1