**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4751-18

MELISSA YOUNG,

     Plaintiff-Respondent,

v.

KENNETH YOUNG,

     Defendant-Appellant.

_____

> Submitted December 16, 2020 – Decided February 11, 2021
>
> Before Judges Alvarez and Sumners.
>
> On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Burlington County, Docket No. FM-03-1604-10.
>
> Jonathan J. Sobel, attorney for appellant.
>
> Ted M. Rosenberg, attorney for respondent.

PER CURIAM

In this post-divorce judgment dispute, defendant appeals Family Part orders denying him: return of pre-marital property; income from rental property;

value of a mortgage line of credit; credit against plaintiff's share of his law practice; and reimbursement or credits for payments made for plaintiff's life insurance premiums and for his children's overnight camp and religious school expenses. We affirm in part and reverse in part.

On July 20, 2012, following trial, the court issued an Amended Dual Final Judgment of Divorce (ADFJOD) ending the parties' nearly fifteen-year marriage. The ADFJOD detailed the parties' respective obligations pertaining to equitable distribution of property; offsets and credits; alimony and retroactive relief; tax returns; plaintiff's co-habitation; child custody, parenting, and support for the parties' two children; life insurance; and counsel fees.

The parties thereafter engaged in extensive post-judgment motion practice, culminating in defendant's appeal of November 2, 2018 and May 23, 2019 orders. (Pa159-160). We separately address defendant's challenges.[1]

---

[1] Plaintiff's argument that defendant's appeal is untimely is without merit. The November 2, 2018 order was not a final judgment because issues involving sanctions, accounting, alimony, child support arrears, and counsel fees were reserved pending discovery. All outstanding matters were not resolved until the May 23, 2019 order. Defendant filed his appeal forty-one days thereafter on July 3, 2019, within the forty-five-day time limit prescribed by Rule 2:4-1.

Andy Warhol Painting

Defendant's October 4, 2018 cross-motion to plaintiff's motion seeking various forms of relief sought a return of his pre-marital personal property, specifically an Andy Warhol painting. Defendant argues the court erred in its November 2, 2018 eight-page order (November 2 order), which set forth its reasoning, declining his request. He claims the court failed to "make specific findings as to why [it] believed the personal property should not be returned." We disagree.

The ADFJOD declared that the parties' personal property claims were to be submitted to binding arbitration within sixty days of the judgment. The arbitration was never held. Over six years elapsed between the 2012 ADFJOD and defendant's 2018 cross-motion. In denying defendant's request, the court reasoned that the "issue of personal property was decided at the time of divorce. As such, the [c]ourt will not now entertain the relief requested by [defendant] six years later." Albeit brief, this finding was sufficient.

Defendant presented no valid argument why his property claim was not arbitrated or why he waited so long to seek judicial relief. See Knorr v. Smeal, 178 N.J. 169, 180-81 (2003) (holding laches is "invoked to deny a party enforcement of a known right when the party engages in an inexcusable and

unexplained delay in exercising that right to the prejudice of the other party . . . and the prejudiced party acted in good faith believing that the right had been abandoned."). Defendant's six-year delay indicates of waiver of his claim to the property. See id. at 177 ("Waiver is the voluntary and intentional relinquishment of a known right."). The court's ruling is supported by the record and was not an abuse of its discretion. See Gnall v. Gnall, 222 N.J. 414, 428 (2015).

Plaintiff's Life Insurance

Defendant's cross-motion also sought credit for the $4,875 he paid for plaintiff's life insurance premiums. The November 2 order denied the request. (Da. 164). He argues the court erred and failed to make specific findings in its ruling. We disagree.

The ADFJOD provided that while defendant may maintain plaintiff's "present [insurance] coverage, [he] has no further obligation[] towards the cost of [the coverage] and going forward she is fully responsible for the maintenance of her . . . insurance coverage."[2] Thus, the court's detailed order determined that based on the ADFJOD, defendant was not entitled to a credit.

---

[2] The ADFJOD provided plaintiff would obtain a $250,000 life insurance policy for the children's benefit with defendant named as Trustee.

A-4751-18

There is no cause to disturb the court's order. Defendant cannot require plaintiff to give him a credit or reimburse him for payments that he voluntary made. Said differently, he cannot obtain relief from plaintiff under a judgment order that she did not violate. Moreover, the parties made no agreement after entry of the ADFJOD wherein plaintiff agreed to repay defendant for insurance payments he made.

Mortgage Line of Credit /Rental Income

Defendant's cross-motion sought credit for: $6000, his fifty percent share of plaintiff's use of a line of credit on the marital home; and $5300,[3] half of the rental income she retained from the parties' Philadelphia investment property. The ADFJOD provided that the $6000 was to be paid from the future sale of the marital home, and the $5300 would offset plaintiff's $13,000 share of defendant's law practice.

Considering the ADFJOD was entered after a contested trial, defendant contends the court mistakenly relied upon the "voluntary nature of settlement agreements," without detailing its basis for finding that the parties consented to

---

[3] Following a motion for reconsideration, a Second Amended Dual Final Judgment of Divorce was issued, which among other provisions reduced the rental income defendant was entitled to receive to $3700 and provided that the amount owed will be paid from the property's sale.

the credit and offset. He also argues his six-year delay in seeking relief was justified, and because plaintiff did not change her position in reliance on the delay, application of laches was not appropriate, and equity favors his requests. Finally, defendant asserts the court did not make adequate factual findings.

We agree with defendant's contention that the court's reference to the parties' reaching a consensual agreement was misplaced as there was no indication in the record that the parties did so. These claims were determined by the court following a contested trial. We, nevertheless, do not part company with the court's determination that defendant is not entitled to credits for the line of credit and rental income based upon laches. Defendant provided no reason why he waited over six years to enforce the ADFJOD regarding these claims. Defendant's claims are denied for the same reasons that laches applied to deny defendant's claim to the Warhol painting.

Law Practice Share

The ADFJOD granted plaintiff $26,000 as her equitable share of defendant's law practice. A March 20, 2015 court order granted plaintiff's motion to enforce payment of her share, giving defendant forty-five days to make payment. On March 29, 2015, the court denied defendant's motion for reconsideration. A year later when defendant failed to pay, plaintiff obtained a

6

March 11, 2016 order entering a judgment against defendant for $26,000. In addition, the order noted "[t]o the extent [d]efendant establishes that he is entitled to a credit, said credit will be applied against [p]laintiff's spousal support arrears."

In September 2018, when plaintiff moved to enforce ADFJOD terms, she sought sanctions against defendant for not paying the $26,000. In response, defendant cross-moved to obtain a $24,441.80 credit for an alleged overpayment to plaintiff from the sale of the marital property because the tax liability was applied to his share of the proceeds and not plaintiff's share. To support his claim, defendant submitted a HUD-1 settlement sheet from the property's sale indicating that after payment of an IRS lien and lien payoff, totaling $173,797.67, and other charges and credits, plaintiff received $213,335.51. The November 2 court order denied defendant's request because he did not prove how much he actually paid in taxes on the sale. The court held:

> [Defendant]'s request to be credited $24,441.80 representing additional sums paid to [plaintiff] from the sale of parties' marital property is DENIED. Again[,] the issue of the sale of the marital home was addressed in previous [c]ourt [o]rders. Further, [defendant] provides no documentation of the $24,441.80 that he is entitled to. The only thing [defendant] provides is a copy of the settlement sheet for the former marital home.

A-4751-18

Left unresolved in the November 2 order and a subsequent May 1, 2019 consent order, was enforcement of the $26,000 judgment. The court addressed the judgment in its May 23, 2019 order, stating it would remain in effect unless the parties agreed otherwise. The order further stated that the court denied defendant's credits request in its November 2 order and that there was no "adequate basis to re-open its prior decision."

Defendant argues "it is clear [he] was entitled to the [$24,441.80] credit" because the March 11, 2016 order provided that if he was entitled to a credit it would be offset against the $26,000. Defendant contends the "settlement sheet . . . delineat[ing] the amount of the sale" supports his position that he is entitled to a credit. According to defendant, the court erred and failed to state the reasons for its decision. We disagree.

The trial court did not abuse its discretion in refusing to offset the tax liability arising from house sale as defendant did not provide proof. Defendant was only able to receive a credit if he provided the proper proofs. See Rothman v. Rothman, 65 N.J. 219, 233 (1974) (holding a trial court's decision regarding the eligibility and value of assets for equitable distribution are subject to providing adequate credible evidence). The HUD-1 settlement sheet did not establish his right to a credit or offset due to his additional tax liability. Because

8

he failed to produce any evidence of the liability, the court did not abuse its discretion in declining to grant him an offset from the $26,000 judgment.

Camp and Religious School Expenses

The trial court's March 20, 2015 order, in accordance with the ADFJOD, granted defendant's requests for reimbursement or credits of the payments he made for the parties' children's overnight camp and religious school expenses. However, the court reserved judgment on the amount to be reimbursed or credited, pending defendant's submission of appropriate proofs. Defendant's proofs initially included expenses for defendant's child not of his marriage to plaintiff and did not deduct "for scholarship or other payments by third parties." A year later, the court's March 11, 2016 order granted plaintiff's motion to deny "[d]efendant any credits [for] children's summer camp and religious school." Noting that defendant had not supplied an appropriate accounting in the year since the March 20, 2015 order, the court determined that defendant waived his rights.

Defendant, however, continued to seek reimbursement or credit for his payments in an October 2018 cross-motion. The court denied his application in its November 2, 2018 order, reasoning his request was "another motion for

reconsideration from prior [c]ourt orders . . . [of] May 20, 2015 and . . . March 11, 2016" and remarking "it [was] now over three years since the first [o]rder[.]"

As for defendant's pre-2015 payments, we discern no cause to disturb the court orders denying his claim for reimbursement or credits. Despite its brevity, the March 11, 2016 and November 2, 2018 orders adequately explained that defendant's relief was denied because he did not timely submit an appropriate accounting of his claim and thereby waived it.

We do agree with defendant's argument that the court erred in denying his request for reimbursement or credits for payments from 2015 to 2017. The May 20, 2015 and March 11, 2016 orders addressed pre-2015 expenses; they did not bar future applications for reimbursement or credits for camp and religious school payments. The post-2015 payments defendant seeks reimbursement or credits for, must be considered by the court. We take no position as to whether his submitted proofs were sufficient or if plaintiff has meritorious defenses to his claim.

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

10

A-4751-18