**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2526-22

ROBERT A. BLIESMANN
and the Estate of LORETTA M.
BLIESMANN,

     Plaintiffs-Respondents,

v.

WILLIAM DUDA,

     Defendant-Appellant.

_____

> Argued April 15, 2024 – Decided April 29, 2024
>
> Before Judges Mawla and Chase.
>
> On appeal from the Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. C-000027-22.
>
> Michael J. Pifko argued the cause for appellant.
>
> Lauren Murray Dooley argued the cause for respondent (Novins, York, Jacobus & Dooley, PA, attorneys; Lauren Murray Dooley, on the brief).

PER CURIAM

Defendant William Duda appeals from an April 19, 2023 order granting summary judgment in favor of plaintiffs Robert A. Bliesmann and the Estate of Loretta M. Bliesmann and ordering defendant to execute a utility easement. We affirm.

I.

Plaintiffs own a property located at 900 Ridge Road in Brick Township ("Ridge Road Property"). The Ridge Road Property fronts Ridge Road. Defendant is the owner of a property located at 810 Bristol Lane in Brick Township ("Bristol Lane Property"). The Ridge Road Property and the Bristol Lane Property sit back-to-back from one another. The Bristol Lane Property is currently developed with a single-family residence, while the Ridge Road Property is a vacant wooded parcel.

Both properties were created by a minor subdivision approval by the Brick Township Planning Board obtained by plaintiffs in 1989. The minor subdivision map depicts a twenty-foot-wide utility easement running from a Bristol Lane right-of-way along the easterly property line of the Bristol Lane Property and terminating at the rear of Ridge Road Property. The subdivision plan was duly executed after obtaining Planning Board approval and was filed in May 1989 with the Ocean County Clerk.

On June 16, 1989, a deed was executed for the sale of the Bristol Lane Property from plaintiffs to defendant. The deed contains the following description: "Subject to a [twenty foot] wide utility easement running along the easterly line of [the Bristol Lane Property] from the northerly line of Bristol Lane to the northerly line of [the Bristol Lane Property]" ("Easement"). Over the years, defendant has executed multiple mortgages on the Bristol Lane Property, which all include the same language used in the deed. While the Easement was granted and referenced in the deed and defendant's mortgages, there is no separate, written recording of the Easement in the Ocean County Clerk's Office.

Plaintiffs are attempting to sell the Ridge Road Property, and the title company requires a separate written recording of the Easement to convey clear title. There is no other public utility access to the Ridge Road Property. Thus, the Easement would provide typical water and sewer service lines to a main, which is located on Bristol Lane, so that the Ridge Road Property can be developed. Plaintiffs requested defendant's execution of the Easement multiple times, and defendant continuously refused.

Plaintiffs filed a complaint and order to show cause for specific performance of the execution of the Easement. Attached to the complaint was

3

a certification of plaintiffs' expert witness, Robert C. Burdick, P.E., a licensed State engineer, which states, if plaintiffs were prevented from running utility lines from the main located on Bristol Lane, there would be substantial cost to otherwise run the lines. Defendant filed an answer and counterclaim. Defendant's counterclaim argued plaintiffs failed to disclose the right to a utility easement, a material fact he asserted was known to them, when contracting for the sale of the Bristol Lane Property. In March 2023, both parties moved for summary judgment.

On April 19, 2023, after oral argument, the trial judge granted plaintiffs' motion for summary judgment and denied defendant's cross-motion. The judge ordered defendant execute the Easement within seven days of the order's filing, and if he failed to do so, plaintiffs were permitted to file a motion to enforce litigant's rights. In his oral opinion, the judge found a valid and enforceable easement existed and found plaintiffs clearly reserved a utility easement through the deed for sale of the Bristol Lane Property. The judge further found defendant was placed on notice of the reservation of the Easement for utility purposes by the deed itself and by the mortgages entered into and signed by defendant. And, neither laches nor the statute of frauds applied because the deed constituted a written document satisfying both doctrines.

4

II.

We review a trial court's summary judgment decision de novo. DeSimone v. Springpoint Senior Living, Inc., 256 N.J. 172, 180 (2024). A motion for summary judgment must be granted if the moving party can demonstrate "there is no genuine issue as to any material fact challenged and that the moving party is entitled to judgment or order as a matter of law." R. 4:46-2(c). "To decide whether a genuine issue of material fact exists, the trial court must 'draw[] all legitimate inferences from the facts in favor of the non-moving party.'" Friedman v. Martinez, 242 N.J. 449, 472 (2020) (alteration in original) (quoting Globe Motor Co. v. Igdalev, 225 N.J. 469, 480 (2016)); see also Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). "The court's function is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" Rios v. Meda Pharm., Inc., 247 N.J. 1, 13 (2021) (quoting Brill, 142 N.J. 520, 540 (1995)).

An easement is a "nonpossessory incorporeal interest in another's possessory estate in land, entitling the holder of the easement to make some use of the other's property." Leach v. Anderl, 218 N.J. Super. 18, 24 (App. Div. 1987). The landowner burdened by the easement, or the servient owner, "may not, without the consent of the easement holder, unreasonably interfere with the

[other party's] rights or change the character of the easement so as to make the use thereof significantly more difficult or burdensome." Tide-Water Pipe Co. v. Blair Holding Co., 42 N.J. 591, 604 (1964). "Equally well recognized is the corollary principle that there is, arising out of every easement, an implied right to do what is reasonably necessary for its complete enjoyment, that right to be exercised, however, in such a reasonable manner as to avoid unnecessary increases upon the landowner." Ibid.

III.

Defendant argues the trial judge's finding was erroneous because it incorrectly determined he had knowledge of the Easement when purchasing the Bristol Lane Property. The judge also wrongfully allowed plaintiffs to enforce the Easement without first complying with the Planning Board's requirement the Easement be recorded as a condition of approval for their application for minor subdivision.

Defendant posits the publicly recorded documents referenced by plaintiffs lack the specificity required to establish an express grant of an easement on his property for the purpose of placing water and sewer lines. He further contends plaintiffs failed to reference the Easement their attorney prepared in the deed of sale and did not record an easement agreement with the Ocean County Clerk,

6

notwithstanding the condition imposed by the Planning Board for approval of the minor subdivision plan. Taken together, these facts demonstrate plaintiffs' request for specific performance of execution of the Easement was fatally flawed.

It is well-settled an easement can be created by grant or by reservation to the grantor. Leasehold Estates, Inc. v. Fulbro Holding Co., 47 N.J. Super. 534, 551 (App. Div. 1957). "[W]hen there is any ambiguity or uncertainty about an easement grant, the surrounding circumstances . . . play a significant role in the determination of the controlling intent." Hyland v. Fonda, 44 N.J. Super. 180, 187 (App. Div. 1957).

Defendant's claim he lacked knowledge of the Easement is belied by the record. Here, it is clear from several of the documents submitted by both plaintiffs and defendant a utility easement existed and was described in documents that would sufficiently place defendant on notice of its existence. First, the 1988 minor subdivision approval from the Brick Township Planning Board and the respective tax map and plans demonstrating the size and location of the Easement placed defendant on sufficient notice of the Easement. Essentially, the incorporation of the Easement into the minor subdivision plan benefitted defendant because it enabled plaintiffs to subdivide their land, sell a

lot to defendant, and allowed defendant to then build his home on the Bristol Lane Property.

Next, the original deed for the sale of the Bristol Lane Property to defendant includes a description of the Easement. So do two mortgages for the Bristol Lane Property executed by defendant in 1989, a mortgage for the Bristol Lane Property executed by defendant in 2014, the current tax map of the Township of Brick, and a survey performed on the Bristol Lane Property in June 2021. Many of these documents contain defendant's signature, further evidencing his notice of the Easement since his purchase of the land in 1989.

Defendant further asserts the trial court's granting plaintiffs summary judgment incorrectly relied on the certification of Robert C. Burdick, P.E., because the certification failed to satisfy Rule 1:4-4(b), requiring certifications to swear to the truthfulness of the statements contained therein. Defendant argues because Burdick did not swear to the truthfulness of his statements, the trial court should have disregarded the certification in its entirety. However, this, too, is belied by the record.

The trial court relied on the certification only to explain what main utility lines were currently available for the Ridge Road Property and how those lines would be accessed by the Easement. The trial court explained its limited use of

the certification for these reasons and did not find the need to rely on the certification for any other purpose. The certification had no impact on the court's determination as the record is replete with other documents describing and illustrating the location and terms of the Easement.

Defendant next argues plaintiffs' action is for the enforcement of a contract dating back to 1989, which is well beyond the six-year statute of limitations under N.J.S.A. 2A:14-1. This statute governs certain actions, including claims for: trespass; the taking, detaining, or converting personal property; replevin actions; and recovery on claims or liability under contractual agreements. We are unpersuaded.

Plaintiffs are attempting to exercise their rights as easement holders, which does not implicate N.J.S.A. 2A:14-1. The right to use of a granted easement is different from other causes of action, such as recovery under contract. Since the rights of an easement holder are not subject to this statute, the six-year statute of limitations does not apply.

Lastly, defendant argues plaintiffs' action should be barred under the doctrine of laches. Defendant explains plaintiffs possessed knowledge of the Easement prior to conveying title for the Bristol Lane Property to him in 1988, and their failure to disclose the Easement, appropriately record it in the Ocean

County Clerk's Office, and failure to act on the Easement in any manner in over thirty years all caused him "extreme detriment."

The doctrine of laches "is invoked to deny a party enforcement of a known right when the party engages in an inexcusable and unexplainable delay in exercising that right to the prejudice of the other party." Knorr v. Smeal, 178 N.J. 169, 180-81 (2003). "Laches may only be enforced when the delaying party had sufficient opportunity to assert the right in the proper forum and the prejudiced party acted in good faith believing that the right had been abandoned." Id. at 181. "The core equitable concern in applying laches is whether a party has been harmed by the delay." Ibid.

Here, plaintiffs obtained the Easement as a result of a condition imposed by the Brick Township Planning Board for minor subdivision approval in 1988. The Easement was required in the event the Ridge Road Property was ever to be developed so that the property would have access to water and sewer. The fact that plaintiffs had obtained the Easement and never took action to utilize it until now does not harm defendant. Defendant was aware of the Easement at its creation, and plaintiffs were free to use the Easement as it became appropriate. Now, as the Ridge Road Property is set to be sold and developed out of its wooded and unoccupied status, the need for the Easement has finally become

10

appropriate, and defendant must abide by the terms he agreed to, as set forth under the deed and the minor subdivision approvals created in 1989.

To the extent we have not specifically addressed any other contentions raised by defendant, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11